# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

CLERK'S OFFICE U.S. DIST COURT
AT ABINGDON, VA
FILED

MAR - 8 2022

JULIA C. DUDLEY, CLERK
BY: /s/ C. Meade
DEPUTY CLERK

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No. 1:22mj27
584 Norfolk Street, Lot 18 )
Abingdon, Virginia )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Western____ District of ____Virginia____ *(identify the person or describe property to be searched and give its location):* 584 Norfolk Street, Lot 18, Abingdon, Virginia - to include the residence, curtilage, garages, outbuildings, campers, persons present, and vehicles present. Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ____21____ U.S.C. § __846/841(a)(1)__, and the application is based on these facts: See Attachment C             and/or  841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/8/22

_____
Judge's signature

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



584 Norfolk Street, Lot 18, Abingdon, Virginia

ATTACHMENT B

1. Heroin distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of heroin.

3. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of heroin. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and/or telephone books, notebooks, loose pieces of paper, and found in mail.

4. Photographs and videos depicting heroin, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with heroin.

5. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

6. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

7. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders, etc.)

8. Items listed in Paragraphs 2 through 6 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 2 through 6.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for heroin distribution/conspiracy related documentary evidence and equipment/supplies on the premises known as 584 Norfolk Street, Lot 18, Abingdon, Virginia. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of heroin and/or conspiracy to distribute heroin at 584 Norfolk Street, Abingdon, Virginia in violation of 21U.S.C. §§ 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (30) years. During my employment I have received comprehensive classroom training from the DEA in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have obtained and executed hundreds of search warrants related to the illicit distribution and/or manufacturing of controlled substances. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of controlled substances, including heroin, a Schedule I controlled substance.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Gina DENYS, my training and experience, and information provided to me by other law enforcement officers. Any reference to the gender of any unnamed person within this affidavit does not necessarily reflect the true gender of said person.

5. During February 2021, an admitted heroin trafficker (hereafter referred to as "Trafficker A") told law enforcement the following:

   - Trafficker A uses and sells heroin.

   - Trafficker A has been obtaining the heroin he uses and sells from Gina DENYS for several months. Trafficker A regularly purchases heroin from Gina DENYS at Gina DENYS' residence in Abingdon, Virginia. Gina DENYS has also delivered heroin to Trafficker A at another location(s) and delivers the heroin while driving her green car [Gina DENYS is the registered owner of a green, 2006, Toyota Scion XB with Virginia tags JTG-7268].

   - Gina DENYS makes regular road trips outside of Virginia in order to obtain the heroin she sells.

6. During the last 20 days, Trafficker A performed a controlled purchase (monitored, recorded, and surveilled by law enforcement) of a multi-gram quantity of heroin (a quantity consistent with distribution/redistribution) from Gina DENYS at Gina DENYS' residence located at 584 Norfolk Street, Lot 18, Abingdon, Virginia.

7. A review of Gina DENYS' criminal history revealed that she was sentenced in 1993 in relation to a 1992 arrest for a controlled substance violation.

8. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who distribute and/or conspire to distribute heroin typically maintain heroin, heroin distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to heroin trafficking related contacts/co-conspirators/customers), and other items as listed and explained on Attachment B (of the Application for a Search Warrant to which this affidavit is attached) on their persons, inside their residences (and related garages, outbuildings/barns, campers), inside their vehicles, and inside of vehicles registered to other persons when those vehicles are parked at the trafficker's/conspirator's residence. As to distribution paraphernalia and notes, records, and the like, this affiant is aware based upon his training and experience and conversations with other law enforcement officers, that that heroin traffickers/co-conspirators often maintain such materials at the aforementioned locations for extended periods of time (days, weeks, and months).

9. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that persons who distribute and/or conspire to distribute heroin routinely have individuals who are customers and/or co-conspirators present at their residences and related, garages, outbuildings/barns, and campers. These customers/co-conspirators are typically drug users and drug traffickers themselves as they generally sell some (if not all) of the heroin they purchase in order to make a profit, pay for their own drug habits, or both. These customers/co-conspirators often illegally possess heroin as well as drug use and distribution paraphernalia along with notes, records, messages, and telephone numbers (pertaining to the acquisition/distribution of heroin), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons and in their vehicles (or the vehicles they operate) which are oftentimes parked at the heroin source's/co-conspirator's residence.

10. Gina DENYS' known residence is 584 Norfolk Street, Lot 18, Abingdon, Virginia.

11. An additional federal search warrant specifically for Gina DENYS' person is also being sought. It is the intention of law enforcement (for reasons of officer safety and preservation of evidence) to execute the search warrant upon Gina DENYS' person away from her residence immediately prior to executing the search warrant upon the residence itself. As law enforcement unaware of a predictable travel pattern for Gina DENYS, it is unknown as to what hour of the day or night law enforcement will encounter Gina DENYS within the Western District of Virginia for the purpose of executing the federal search warrant upon her person.

12. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 584 Norfolk Street, Lot 18, Abingdon, Virginia (located within the Western District of Virginia) as there is probable cause to believe that there is evidence of a violation of 21 USC §§ 841(a)(1) and 846/841(a)(1) at said premises. Furthermore, I submit that Paragraph 11 above presents good/reasonable cause as to why the requested search warrant should be authorized for execution during any time of day or night.

_____      03-08-2022
Brian Snedeker, Special Agent (DEA)        Date

Subscribed and sworn to before me, this the _____ day of March in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Reviewed by:

s/Suzanne Kerney-Quillen            03-04-2022
Special Assistant United States Attorney    Date